UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| OOLTEWAH MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:05-CV-221 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| COUNTRY COACH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M**

Before the Court is a Motion for Judgment on the Pleadings (Court File No. 4), filed by Defendant Country Coach, Inc. ("Defendant"). A memorandum in support of Defendant's motion was also filed (Court File No. 5). Plaintiff Ooltewah Manufacturing, Inc. ("Plaintiff") filed a response (Court File No. 7) and Defendant filed a reply (Court File No. 9).

Defendant contends Plaintiff's three statutory causes of action are barred by either the applicable statute of limitations or statute of repose and Plaintiff's common law fraud claims should be dismissed for pleading deficiencies and/or under the economic loss doctrine. For the following reasons, the Court will **GRANT** Defendant's Motion for Judgment on the Pleadings (Court File No. 4) and **DISMISS** all of Plaintiff's claims against Defendant.

**I.    STANDARD OF REVIEW**

Rule 12(c) states "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment

on the pleadings is determined under the same standard of review as a motion to dismiss under Rule 12(b)(6). *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). "The only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss." *Hunter v. Ohio Veterans Home*, 272 F.Supp. 2d 692, 694 (N.D. Ohio 2003). A Rule 12(b)(6) motion is made in a pre-answer motion or in an answer but a Rule 12(c) motion is submitted after the defendant has filed an answer. *Id.*; Fed. R. Civ. P. 12(b) & 12(c).

A motion to dismiss pursuant to Rule 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998); *State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1232 (S.D. Ohio 1994), accept all the complaint's factual allegations as true, *Bloch*, 156 F.3d at 677; *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1024 (E.D. Tenn. 1996). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should neither weigh evidence nor evaluate the credibility of witnesses); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Rather, the Court must liberally construe the complaint in favor of the party opposing the motion and may dismiss the case only where no set of facts could be proved consistent with the allegations which would entitle the plaintiff to a recovery. *Hishon v. Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59

(1984); *Miller*, 50 F.3d at 377.

In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002). However, bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (emphasis in original).

**II.    RELEVANT FACTS**

Defendant is a foreign corporation authorized to do business in Tennessee (Court File No. 1, Complaint, p. 1). Defendant manufactured Allure Motorcoaches (*Id.* at p.2). In 1999, Defendant manufactured an Allure forty-foot motorcoach which was delivered to Defendant's agent dealer, Buddy Gregg Motor Homes, in Knox County, Tennessee (*Id.*). On October 7, 1999, Plaintiff purchased this motorcoach from Buddy Gregg Motor Homes for $163,000 (*Id.*).

In August 2004, Plaintiff began having difficulties with the operation of the motorcoach which at that time had approximately 82,000 miles. The engine mounting frames split and the diesel engine was very close to falling out of the motorcoach (*Id.*). Plaintiff contacted a service representative for Defendant to explain what had happened to the engine mounting frames. The representative said Plaintiff "'wasn't for that in the first place'" (*Id.* at p. 3). It turns out that Defendant had made cutouts in the motorcoach's rectangular tubing frames which mounted the

3

motorcoach's engine thereby causing the mounting frames to eventually split (*See Id.* at p. 2). Defendant refused to replace or repair the motorcoach. Plaintiff paid for repairs and modifications to the motorcoach but the motorcoach cannot be resold (*Id.* at p.3).

Plaintiff contends Defendant knew of the motorcoach defect and "fraudulently concealed the fact that they made alterations to the frame of the motorcoach that they knew or should have known would create a danger and a hazard" (*Id.*). Further, Plaintiff claims the conduct of Defendant "constituted misrepresentation and fraudulent acts upon purchasers of their motorcoaches, of which the Plaintiff was one" (*Id.*). Plaintiff asserts Defendant's conduct violates Tenn. Code Ann. §§ 47-18-104(b)(6), (7), (26), & (27) of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*. Plaintiff also claims Defendant's conduct constitutes a breach of an express warranty under Tenn. Code Ann. § 47-2-313 and a breach of an implied warranty under Tenn. Code Ann. § 47-2-314 (*Id.*). Lastly, Plaintiff avers the complaint states a common law action of fraud (Court File No. 7, p. 1).

### III. DISCUSSION

#### A. Statute of Limitations and Statute of Repose

Plaintiff purchased the motorcoach at issue on October 7, 1999. Plaintiff filed its complaint against Defendant on July 18, 2005 (Court File No. 1). Thus, over five years passed between the purchase of the motor coach and the filing of the complaint. Defendant argues Plaintiff's Tennessee Consumer Protection Act claims are barred by a five-year statute of repose. *See* Tenn. Code. Ann. § 47-18-110 ("any action commenced pursuant to § 47-18-109 shall be brought within one (1) year from a person's discovery of the unlawful act or practice, *but in no event* shall an action...be brought

more than five (5) years after the date of the consumer transaction giving rise to the claim for relief.") (emphasis added). Further, Defendant contends Plaintiff's claims for breach of express warranty and implied warranty are barred by the Tennessee Uniform Commercial Code's four-year statute of limitations. *See* Tenn. Code Ann. § 47-2-725(1) & (2) ("An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued.").

Plaintiff responds to Defendant's statute of limitations and statute of repose arguments by stating "Defendant's assertions...as to its defenses of the statute of limitations and statute of repose appear correct" (Court File No. 7, p. 1). Since both parties are in agreement, the Court will **DISMISS** Plaintiff's Tennessee Consumer Protection Act claims and breach of warranty claims.

### B. Common Law Fraud

Although Plaintiff agrees its Tennessee Consumer Protection Act claims and breach of warranty claims are barred, it argues its complaint should not be dismissed because "it articulated...the common law action of fraud..." (*Id.*). Defendant responds by arguing (1) Plaintiff did not allege a common law action of fraud; (2) even if there is an "inferential allegation" of fraud, Plaintiff did not meet the particularity requirement of Rule 9(b); and (3) any fraudulent misrepresentation claim is barred under the economic loss doctrine (Court File No. 9, p. 1). The Court agrees Plaintiff has not pleaded a common law action of fraud with particularity. Therefore, Plaintiff's common law fraud claims will be **DISMISSED**.

#### 1. Allegation of Common Law Fraud

Defendant argues, with respect to Plaintiff's allegation of common law fraud, Plaintiff has failed to meet "the most liberal pleading standards" (Court File No. 9, p. 1). In other words, Plaintiff has failed to allege common law fraud. Rule 8(a)(2) provides in pertinent part "[a]

5

pleading...shall contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not "require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Minadeo v. ICI Paints*, 398 F.3d 751, 762 (6th Cir. 2005) (quotations and citations omitted). Further, the Court is to construe the pleading liberally to "prevent errors in draftsmanship from barring justice to litigants." *Id.* (quotations and citations omitted).

With this standard in mind, Plaintiff has satisfied the requirements of Rule (8)(a)(2). The Court believes Plaintiff has alleged two common law claims of fraud.[1] First, Plaintiff alleges a claim for fraudulent concealment when it states in its complaint Defendant "fraudulently concealed the fact that they made alterations to the frame of the motorcoach." Second, Plaintiff makes a claim for fraudulent misrepresentation when it states "the conduct of the [D]efendant constituted misrepresentation and fraudulent acts upon purchasers of their motorcoaches." Prior to these statements, Plaintiff outlines the facts upon which these claims rest. Even though these statements may very well have been intended as "background facts supporting the [P]laintiff's real claims in this case"(Court File No. 9, p. 3), the Court concludes Plaintiff has stated enough to satisfy Rule 8(a)(2).

### 2. Particularity Under Rule 9(b)

---

[1] The Court infers two different fraud claims from Plaintiff's complaint. However, Plaintiff does not advance its cause when it merely states in its response "the Complaint contains direct or inferential allegations respecting all the material elements to sustain a recovery under the theory of common law fraud" (Court File No. 7, p. 1). Such generality is not very helpful. Plaintiff easily could have cited some case law on fraud, recited the elements for fraud, and/or stated which types of fraud it tried to allege.

Next, Defendant argues Plaintiff's allegation of common law fraud should be dismissed because Plaintiff's claim of fraud was not pleaded with particularity as required by Rule 9(b).[2] Rule 9(b) of the Federal Rules of Civil Procedure provides in a complaint alleging fraud, "the circumstances constituting fraud ... shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988). The United States Court of Appeals for the Sixth Circuit reads 9(b)'s requirement "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161- 62 (6th Cir.1993) (internal quotation marks and citation omitted). When read with Rule 12(b)(6), moreover, Rule 9(b) requires a plaintiff to allege each element of a fraud claim in order to withstand a motion for dismissal. *See Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir. 1990).

As stated above, Plaintiff appears to be making two different types of fraudulent claims. First, Plaintiff asserts Defendant's conduct "constituted fraudulent misrepresentation...." The elements of fraudulent misrepresentation are: (1) misrepresentation regarding a material fact; (2) representation was made knowingly or recklessly; (3) reasonable reliance by the plaintiff; (4) resulting harm; and (5) the misrepresentation relates to an existing or past fact. *Shahrdar v. Global*

---

[2] Defendant does not specifically address the fraudulent concealment claim. Most likely, this is a result of Plaintiff's failure to state which type of common law fraud claim it is trying to assert. Regardless, the Court will apply Defendant's arguments to both types of fraud presumably alleged by Plaintiff.

*Housing, Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998); *Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992). Plaintiff obviously has not pleaded with particularity a claim for fraudulent misrepresentation. Plaintiff failed to plead Defendant made a misrepresentation or that it relied on any representations made by Defendant.[3] Further, Plaintiff has failed to meet the time, place, and content requirements in *Coffey*. Thus, the Court will **DISMISS** Plaintiff's fraudulent misrepresentation claim.

Second, Plaintiff has attempted to make a fraudulent concealment claim. To establish a fraudulent concealment claim a plaintiff must show (1) the defendant had knowledge of a *material* existing fact or condition, and that (2) the defendant had a *duty* to disclose the fact or condition. *Lonning v. Jim Walter Homes, Inc.*, 725 S.W.2d 682, 685 (Tenn. Ct. App. 1986). Ordinarily, no duty of disclosure exists except (1) where there is a previous confidential relationship between the parties, (2) where it appears one or each of the parties expressly reposes a trust or confidence in the other; (3) or where the contract or transaction is intrinsically fiduciary and calls for good faith. *O'Neal v. Burger Chef Systs., Inc.*, 860 F.2d 1341, 1349 (6th Cir. 1988) (citing *Dozier v. Hawthorne Dev. Co.*, 262 S.W.2d 705, 711 (Tenn. Ct. App. 1953)). However, there is no duty to disclose a material fact or condition if the fact or condition is apparent through common observation or discoverable through the exercise of ordinary diligence. *Simmons v. Evans*, 206 S.W.2d 295, 297 (Tenn. 1947); *Patel v. Bayliff*, 121 S.W.3d 347, 353 (Tenn. Ct. App. 2003). Plaintiff has failed to plead with particularity its claim for fraudulent concealment. Although Plaintiff alleged Defendant

---

[3] The only representation Plaintiff refers to is a statement by an unnamed representative of Defendant at an unspecified time that Plaintiff "wasn't for that in the first place." Plaintiff clearly does not want the Court to infer this statement is false. Rather, Plaintiff's main point in quoting this statement was to show Defendant was not the only person who complained about an alteration to the mounting frames. Further, Plaintiff does not aver it relied on this misrepresentation.

8

knew of the engine mounting frames defect in the motorcoach and then concealed this fact from purchasers of the motorcoaches, Plaintiff does not allege or implicitly allege Defendant had a duty to disclose the alteration in the engine mounting frames. Nowhere has Plaintiff alleged the parties were in a confidential relationship or the transaction was intrinsically fiduciary. Further, Plaintiff does not claim the engine mounting frames defect could not be discovered through ordinary diligence. In addition, Plaintiff does not state the failure to disclose was material. *Cf. Cambell v. Upjohn Co.,* 676 F.2d 1122, 1126-27 (6th Cir. 1982) (requiring plaintiff to plead these three elements to establish a fraudulent concealment claim in the context of tolling a statute of limitations: (1) wrongful concealment by the defendant, (2) failure of the plaintiff to discover the operative facts that are the basis for his cause of action within the statute of limitations, and (3) plaintiff's due diligence until discovery of the facts). In sum, Plaintiff did not plead with particularity his averment of fraudulent concealment. Accordingly, the Court will **DISMISS** Plaintiff's claim for fraudulent concealment.

### 3. Economic Loss Doctrine

Defendant also argues Tennessee law should preclude intentional or fraudulent misrepresentation claims under the economic loss doctrine which bars recovery for economic losses in tort actions. Since the Court believes Plaintiff's intentional misrepresentation claim was not pleaded with particularity under Rule 9(b), it is unnecessary to address the economic loss doctrine.

## IV. CONCLUSION

The Court will **DISMISS** Plaintiff's Tennessee Consumer Protection Act claims and warranty claims because they are time barred. Further, the Court will **DISMISS** Plaintiff's common

9

law fraud claims because Plaintiff has failed to plead with particularity the fraud claims.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
